**GLEANER HARVESTER CORPORATION**
**v. J. I. CASE CO.**

No. 822.

District Court, W. D. Missouri, W. D.
April 7, 1942.

Arthur C. Brown, Ryland, Stinson, Mag & Thomson, and Claude A. Fishburn, all of Kansas City, Mo., for plaintiff.

Oscar D. McCollum, of Kansas City, Mo., and Cyril A. Soans, of Chicago, Ill., for defendant.

OTIS, District Judge.

In this suit for patent infringement plaintiff's ownership of the patents involved (No. 1,905,091, patent to Hanson, and No. 1,972,-031, patent to Pierson) is admitted by defendant. The defenses are: (1) Invalidity of patents and (2) non-infringement.

## The Hanson Patent.

■ It seems so obvious that the Hanson patent was anticipated by the Gottschall and Pike patent, No. 1,859,586, that space need not be devoted to a discussion of the matter. The applications for the two patents were pending at the same time. They were prepared by the same attorney. The drawings are almost as identical as if one were a tracing of the other. Learned counsel for plaintiff frankly admitted at the trial that every claim of the Hanson patent could be read on the Gottschall and Pike patent. Both are owned by the plaintiff but suit was brought on the Hanson patent. There was no showing of prior invention by Hanson. If the Gottschall and Pike patent is valid (and its validity is not an issue in this case), the Hanson patent is invalid.

## The Pierson Patent.

The matters in controversy are whether defendant has infringed the Pierson patent and whether that patent is invalid. And the first of these matters really is not debated. In scarcely a line in his able brief does learned counsel for defendant deny infringement, if the claims of the Pierson patent involved in this case are valid. He denies validity on the grounds of *no invention* and *anticipation.*

The Pierson patent was applied for February 11, 1929, and issued August 28, 1934. It "relates to harvesting machines and more particularly to conveying mechanism for delivering cut grain to the threshing and separating elements of the machine, the principal object of the invention being to retain the cut grain in guided relation with the conveyor, to prevent entanglement of the grain about the conveyor shaft, and to guide the grain into the cylinder feed spiral of the conveyor." The claims involved in this case (Claims 1, 2, 5, 6, 8, 9, 10 and 11) all relate to what is variously designated in the claims but what is called in the briefs a "retarder bar." That bar is an angle-shaped piece of metal fixed along the rear side of the grain pan and is parallel with the screw conveyor. It projects toward the conveyor.

Its purpose is to interrupt straw and grain which, except for it, would have a tendency to encircle the conveyor and to cause the straw and grain to move in the conveyor path to be emptied at the end. (It is impossible without photographs, drawings and models to describe exactly this retarder bar, but the attorneys have and the reviewing court will have photographs, drawings and models.)

The whole case turns on whether there was patentable invention by Pierson in the retarder bar. Was it so simple as to require mechanical skill only, not invention? If not, had it already been invented when Pierson applied for his patent?

## Mechanical Skill Only?

■ We can put in little space our reasons for our conclusions touching the contentions of invalidity. The first is that the retarder bar involved only mechanical skill. The contention is bottomed on the rule well established in patent law that what ordinary mechanical skill alone suggests is not invention. The rule is illustrated by the two cases cited in this connection by defendant's counsel, Atlantic Works v. Brady, 107 U.S. 192, 2 S.Ct. 225, 27 L.Ed. 438, and Hollister v. Benedict & Burnham Manufacturing Co., 113 U.S. 59, 5 S.Ct. 717, 28 L.Ed. 901. In the first of these an invention was claimed for the idea of putting a screw propeller on the forward end of a dredge boat to remove mud (the practice of turning the boat around and backing it into the mud, so using its ordinary propellers for the same purpose, was well established). In the second an invention was claimed for the idea of multilating a stamp (a revenue stamp attached to a case of liquor) by tearing off an identifying stub. These cases do illustrate the rule. The rule does not strike down as non-invention whatever is simple (almost no invention would survive that), but strikes down only a simple adaptation of an old means to a similar but slightly different purpose (instead of backing the boat into the mud bank, put a propeller screw on the front end and go in head on). The retarder bar is not comparable to any illustration of the rule asserted. It was the element in a complicated mechanism which made what worked poorly work well. In every invention it is some simple element that makes the difference between success and failure. The experience of no mere mechanic would include observation of what might cause

straw to move in the path of a screw conveyor rather than to encircle it and brake it. We think the contention of *mechanical skill only* must be ruled in plaintiff's favor.

## Anticipation Vel Non.

It is earnestly contended by defendant that the retarder bar was anticipated in the Lower patent and in the Taylor and Fogarty Australian patents. We are unable to agree. 1. The bar which counsel points to in the Lower patent (the patent involves a mechanism for moving coal toward the firebox of a locomotive) seems to us so greatly dissimilar in location, in purpose, in function, and to be designed for use in a field so foreign to the field of the Pierson patent that anticipation is not suggested. 2. The Australian patents also involve machines dealing with a different sort of material than Pierson's patent. Those machines were "headers," they do not cut whole grain, straw and all (except for a small part of the straw near the heads). Their conveyors move relatively small particles. The problem of moving *straw* longitudinally and of *preventing its wrapping about the revolving cylinder* was neither contemplated nor dealt with in these patents. The elements in them now urged as anticipating the retarder bar of the Pierson patent are described as ribs or slats designed *to facilitate the movement* of grain heads by the conveyor. The utmost straining is required to find in these ribs and slats any anticipation of a greatly different structure designed for a wholly different purpose.

## Plaintiff's Exhibit 17.

We have found especially helpful Plaintiff's Exhibit 17, prepared by plaintiff's witness Frederick C. Fenton, Professor and Head of the Department of Agricultural Engineering for the Kansas State College, Manhattan, Kansas. The witness' qualifications were exceptional. His disinterestedness was obvious and his scientific approach apparent. Exhibit 17, which he prepared, in so far as it concerns the Pierson patent, is a helpful diagrammatic presentation in detail of the claims of that patent here in controversy and of whether they read upon the patents asserted as anticipating the Pierson patent. We regret the exhibit is of such a character that it can not well be reproduced in this memorandum opinion. We call it to the especial attention of any reviewing tribunal.

## Findings of Fact.

I. Plaintiff is the owner of Hanson patent, No. 1,905,091, and the Pierson patent, No. 1,972,031.

II. Claims 1, 2, 5, 6, 8, 9, 10 and 11 of the Pierson patent have been infringed by defendants to plaintiff's damage.

## Conclusions of Law.

I. The Hanson patent, No. 1,905,091, is invalid for that it was wholly anticipated by the Gottschall and Pike patent, No. 1,859,586.

II. Claims 1, 2, 5, 6, 8, 9, 10 and 11 of the Pierson patent are valid.

III. Plaintiff is entitled to recover damages from the defendant by reason of defendant's infringement of plaintiff's Pierson patent.

IV. Plaintiff is entitled to injunctive relief against the defendant from any further manufacture, use and sale of devices in infringement of Claims 1, 2, 5, 6, 8, 9, 10 and 11 of the Pierson patent, No. 1,972,031.

## Decree.

This cause coming on to be heard upon the complaint of plaintiff and the answer of defendant, and the Court having heard and considered the evidence and the argument of counsel and having made findings of fact and announced conclusions of law, and being fully advised in the premises, it is by the court ordered, adjudged and decreed:

1. The Hanson patent, No. 1,905,091, is invalid;

2. Claims 1, 2, 5, 6, 8, 9, 10 and 11 of the Pierson patent, No. 1,972,031, are valid and have been infringed by the defendant to plaintiff's damage.

3. The defendant, its respective officers, clerks, servants and employees, are hereby perpetually enjoined and restrained from directly or indirectly making, or causing to be made, selling, or causing to be sold, to others, using, or causing to be used, any device embodying the inventions defined by Claims 1, 2, 5, 6, 8, 9, 10 and 11 of the Pierson patent, No. 1,972,031.

4. A master will be appointed to take testimony and report on the subject of damages. The appointment of the master will be deferred until either (a) it is indicated that there will be no appeal from this decree or until (b) the decree, if appealed from, is affirmed.

5. The costs are assessed against defendant.